UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:24-cv-00565 |
| | ) |
| BAKER TRANSPORTATION, INC., | ) |
| DOMINIQUE COOPER, and ICE | ) |
| RECYCLING, LLC. | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is Ice Recycling LLC's ("Ice") Motion to Dismiss the Second Amended Complaint of Plaintiff Eric Jones for Failure to State a Claim pursuant to Rule 12(b)(6) (Doc. No. 23). Jones responded in opposition (Doc. No. 27) and Ice replied (Doc. No. 28). For the following reasons, Ice's motion will be granted.

**I.    FACTUAL ALLEGATIONS AND BACKGROUND[1]**

The Second Complaint alleges that Ice hired Defendants Baker Transportation, Inc. ("Baker") and/or Dominque Cooper to pick up "21,000+ pounds of waste from Precision Fabrics Group, Inc" ("Precision") in Tennessee and deliver it to Ice in South Carolina. (Doc. No. 21 ¶ 9). While working as agents for Ice, Baker and/or Cooper delivered their trailer to Precision. (Id. ¶¶ 11, 18). Jones, a Precision employee, loaded the waste onto the trailer. (Id. ¶¶ 10, 12). While Jones was loading the waste, the trailer collapsed, causing him to be injured. (Id. ¶ 13, 19).

---

[1] The relevant facts necessary to resolve the pending motion to dismiss are drawn only from the operative Second Amended Complaint (Doc. No. 21) ("Second Complaint") and are assumed to be true for purposes of ruling on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Jones seeks damages for his injuries. (Id. ¶ 19). He alleges that Baker and Cooper were negligent and failed to maintain and inspect the trailer for hazardous conditions. (Id. ¶¶ 21, 22, 23). Further, Jones alleges that Ice is liable to Jones because it was responsible for hiring a safe company to move the waste and failed to do so. (Id. ¶¶ 17, 27, 28).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)).

## III. ANALYSIS

Ice argues that Jones fails to allege sufficient facts that Baker and Cooper were Ice's agents. (Doc. No. 23-1 at 4–8). The doctrine of *respondeat superior* permits a principal to be held liable for torts committed by an agent. Ali v. Fisher, 145 S.W.3d 557, 564 (Tenn. 2004). Whether an agency relationship exists, and the scope of the agent's authority are often questions of fact. See Mays v. Brighton Bank, 832 S.W.2d 347 (Tenn. Ct. App. 1992).

To properly allege that Baker and/or Cooper was an agent for Ice, Courts consider the following nonexhaustive factors: (1) the right to control the conduct of the work, (2) the right of

termination, (3) the method of payment, (4) the freedom to select and hire helpers, (5) the furnishing of tools and equipment, (6) the self-scheduling of work hours, and (7) the freedom to render services to other entities. Lindsey v. Trinity Communs., Inc., 275 S.W.3d 411, 418 (Tenn. 2009). No one factor is dispositive, but the Tennessee Supreme Court has emphasized that the first factor—"the right to control"—is the most important. Maisers v. Arrow Transfer & Storage Co., 639 S.W.2d 654, 656 (Tenn. 1982). Ice and Jones disagree on the application of those factors in this case.

Viewing the Second Complaint in the light most favorable to Jones, and accepting all of his allegations as true, the Court finds that Jones failed to plausibly allege facts to support a principal-agent relationship between Baker and/or Cooper and Ice. To start, the Second Complaint only mentions Ice in the factual averments in paragraphs 9, 17, 18, 27 and 28. Paragraph 9 simply says that Ice "hired" Baker and/or Cooper to move waste. Paragraphs 17 and 18 are legal conclusions that Baker and/or Cooper acted negligently and were "agents" of Ice. Simply using legal terms like "agent" and "negligent" without supporting factual allegations is insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678. Critically, the allegations offer nothing regarding whether Ice had the right to control, had the right to dictate how Baker and/or Cooper would move the waste, had any supervisory control, or had any input on the movement of the waste. Instead, all that Plaintiff alleges is that Baker and/or Cooper provided their trailer to move the waste, without any allegations about direction, input, or involvement from Ice. Cont'l Cas. Co. v. Theraco, Inc., 437 S.W.3d 841 (Tenn. Ct. App. 2014) (the primary factor in determining the individual's status will be the employer's right to control). Jones' theory of vicarious liability fails as a matter of law and will be dismissed.

3

Case 3:24-cv-00565    Document 29    Filed 09/22/24    Page 3 of 4 PageID #: 169

Jones' allegations of a negligent hiring by Ice in paragraphs 27 and 28, fares no better. (Doc. No. 27 at 2). A plaintiff may recover for negligent hiring or retention of an employee or independent contractor if he establishes the elements of a negligence claim and that the employer knew of the employee's unfitness for the job. Phipps v. Walker, No. 03A019508-CV-00294, 1996 WL 155258, at *2 (Tenn. Ct. App. Apr. 4, 1996). Negligence requires proof of: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 819 (Tenn. 2008). "To establish the employer's knowledge, the plaintiff must show that the employer knew, or should have known through the exercise of reasonable care, that the employee was not qualified to perform the work for which he was hired." Davis v. Covenant Presbyterian Church, No. M2013-02273-COA-R3-CV, 2014 WL 2895898, at *8 (Tenn. Ct. App. June 23, 2014). Neither paragraph 27 nor 28 satisfy the pleading requirement. Both are legal conclusions without factual detail. Paragraph 27 says Ice had the "responsibility to hire a safe company to provide its logistical/transportation needs." Paragraph 28 says that Ice "failed to hire a safe company" to do so. Spare and conclusory allegations as these without factual support are insufficient to state a claim. Iqbal, 556 U.S. at 678. Thus, the negligent hiring claim fails as a matter of law.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE